UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUSTIN CANNARELLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:22-cv-00963 (UNA) |
| | ) | |
| STATE OF NEW JERSEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court will grant the IFP application, dismiss the case for failure to comply with Fed. R. Civ. P. 8(a), and for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

The complaint is not a model of clarity. Plaintiff, a state inmate currently designated to the Essex County Correctional Facility, located in Newark, New Jersey, sues the state of New Jersey, Somerset and Union Counties in New Jersey, a local state public defender's office, and an unidentified "housing authority." Preliminarily, the Local Rules of this Court state that "[t]hose filing *pro se in forma pauperis* must provide in the caption the name and full residence address or official address of each defendant," LCvR 5.1(c), which plaintiff has failed to do.

Plaintiff alleges that he spoke with his mother who informed him that he had "lost" his apartment and other personal property "due to the ineffective assistance of counsel" and other indeterminate "circumstances," all of which he deems to be unjust. He contends that this loss of real and personal property has caused him emotional distress and stands in violation of his constitutional rights, though he fails to specify which, if any, of his rights have been impeded. The relief sought is completely unclear.

Here, plaintiff faces insurmountable hurdles.  First, *pro se* litigants must comply with the Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8."  *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

The instant complaint falls within this category.  Plaintiff fails to articulate the specific nature or context of any constitutional violations endured, or any ineffective assistance of counsel, and also fails to demand any relief, therefore leaving the Court to speculate as to his entitlement to same.  Moreover, he does not state how, when, or in what capacity, these defendants committed any wrongdoing, or what connection they have to his claims or to one another.   Put simply, the complaint categorically fails to comply with the minimal pleading requirements set forth by Rule 8(a).

Second, the subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332.  Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  "For jurisdiction to exist under 28 U.S.C. § 1332,

there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff has failed to establish diversity jurisdiction because, while he has not provided the full addresses for the defendants, it is at least apparent that all of the parties are located in New Jersey. To that end, it is unclear what connection, if any, this District has to plaintiff's claims. *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a). Moreover, plaintiff also fails to plead an amount in controversy.

Plaintiff has also failed to state a federal question. Though he alleges that his constitutional rights were violated, he does not state any supporting facts to establish such a claim. *See Iqbal*, 556 U.S. at 678 ("A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Events may not have unfolded as Plaintiff wished, but his dissatisfaction . . . [does] not form a basis" for a constitutional violation. *Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015). "[F]ederal court jurisdiction must affirmatively appear clearly and distinctly. The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts." *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990) (per curiam)).

For all of these reasons, plaintiff has failed to comply with Federal Rule 8(a) or to establish subject matter jurisdiction. As a result, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Dated: May 16, 2022

TREVOR N. McFADDEN
United States District Judge